IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSHUA LEE JONES,
　　　　Petitioner,

vs.　　　　　　　　　　　　　　　　　　　　　　Case No.: 3:11cv239/WS/EMT

SEC'Y, DEP'T OF CORR.,
　　　　Respondent.
_____/

### REPORT AND RECOMMENDATION

　　　　Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1). Respondent filed an answer asserting that the petition should be dismissed as untimely (doc. 32). Respondent additionally contends one of Petitioner's claims is procedurally barred, and the remaining claims should be denied on the merits (*id.*). Respondent filed relevant portions of the state court record with its answer (*id.*, Exhibits). Petitioner was provided an opportunity to file a reply to the answer (*see* doc. 33), but he has not done so.

　　　　The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.　　　　BACKGROUND AND PROCEDURAL HISTORY

　　　　The relevant procedural history of this case is established by the state court record (doc. 32).[1] Petitioner was charged in the Circuit Court in and for Walton County, Florida, Case No. 2006-CF-

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 32). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

799, with one count of trafficking in hydrocodone (14 grams or more but less than 28 grams) (Count 1) and one count of possession of cannabis (less than 20 grams) (Count 2) (Ex. A at 12). Following a jury trial, Petitioner was found guilty as charged (Ex. A at 135–38, Ex. E). On December 6, 2007, he was adjudicated guilty and sentenced to fifteen (15) years of imprisonment on Count 1 and a concurrent term of five (5) years of imprisonment on Count 2, with pre-sentence jail credit of 62 days (Ex. A at 105–11, Ex. C). The court amended the judgment on January 29, 2008, to reduce the sentence on Count 2 to time served (Ex. A at 155–59).

Petitioner appealed the judgment and sentence to the Florida First District Court of Appeal ("First DCA"), Case No. 1D07-6625 (Ex. A at 119, Ex. H). The First DCA affirmed the judgment per curiam without written opinion on January 15, 2009 (Ex. J). Jones v. State, 1 So. 3d 180 (Fla. 1st DCA 2009) (Table). Petitioner did not seek further review.

On March 31, 2010, Petitioner filed, through counsel, a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. K at 1–27)). On July 20, 2010, the state circuit court rendered an order striking the motion and allowing Petitioner an opportunity to file an amended motion within sixty (60) days (*id.* at 28–36). On September 21, 2010, Petitioner filed, through counsel, a motion to file a belated amended Rule 3.850 motion and an amended motion (*id.* at 85–91). The state circuit court granted the motion to file an belated amended Rule 3.850 motion (*id.* at 120–22). The court summarily denied the amended motion on December 6, 2010 (*id.* at 252–58). Petitioner appealed the decision to the First DCA, Case No. 1D10-6779 (Ex. K at 298, Ex. L). The appellate court affirmed per curiam without written opinion on March 10, 2011, with the mandate issuing March 28, 2011 (Exs. M, N). Jones v. State, 56 So. 3d 771 (Fla. 1st DCA 2011) (Table).

Petitioner filed his federal habeas petition on May 11, 2011 (doc. 1 at 6).

II.     ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

Respondent contends the appropriate statutory trigger for the limitations period is § 2244(d)(1)(A), the date Petitioner's conviction became final (doc. 32 at 20). Petitioner does not argue that any of the statutory triggers set forth in § 2244(d)(1)(B–D) apply. Therefore, the statute of limitations will be measured from the date the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A).

The First DCA affirmed Petitioner's judgment and sentence on January 15, 2009. Petitioner did not seek review of the judgment in the United States Supreme Court; therefore, his conviction became final upon expiration of the ninety-day period for doing so, April 15, 2009. *See* Chavers v. Sec'y, Fla Dep't of Corr., 468 F.3d 1273, 1274–75 (11th Cir. 2006) (judgment of conviction becomes "final" after the expiration of the ninety-day period in which the petitioner could have filed a petition for a writ of certiorari, which begins to run on the date of the appellate court's affirmance of the conviction, not the date of the appellate court's mandate). Petitioner thus had one year from that date, or until April 15, 2010, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 186, 1289 n.1 (11th Cir. 2007)). Petitioner did not file his federal petition on or before that date; therefore, it is untimely unless tolling principles apply and render it timely.

Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

On March 31, 2010, after **349 days** of the federal limitations period elapsed, Petitioner filed a Rule 3.850 motion. Respondent concedes this was a tolling motion (doc. 32 at 20). The motion was pending until March 28, 2011, upon issuance of the First DCA's mandate affirming the lower court's denial of the motion. *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).

The federal limitations clock began ticking again on March 29, 2011, and expired **16 days** later, on April 14, 2011 (349 + 16 = 365). Petitioner did not file his federal petition until May 11, 2011, after the limitations period expired.

Petitioner has not asserted any grounds for equitable tolling of the limitations period; nor has he alleged he is entitled to a merits review through any recognized exception to the time bar. Therefore, his § 2254 petition should be dismissed with prejudice as untimely.

## III.  CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is

an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (doc. 1) be **DISMISSED with prejudice** as untimely.

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 1st day of August 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**